UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CATHERINE B., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No. C22-5046-SKV <br><br> ORDER REVERSING THE COMMISSIONER'S DECISION |

Plaintiff seeks review of the denial of her applications for Supplemental Security Income and Disability Insurance Benefits. Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for a finding of disability.

## BACKGROUND

Plaintiff was born in 1959, has a GED, and has worked as a mail-order sales representative, retail salesperson, and Goodwill production associate. AR 437-38, 476-82. Plaintiff was last gainfully employed in July 2017. AR 437.

In February 2018, Plaintiff applied for benefits, alleging disability as of December 31, 2015. AR 387-97. Plaintiff's applications were denied initially and on reconsideration, and

Plaintiff requested a hearing. AR 237-40, 244-59. After the ALJ conducted a hearing in October 2019 (AR 45-97), the ALJ issued a decision finding Plaintiff not disabled. AR 204-29.

The Appeals Council granted Plaintiff's request for review, and remanded to the ALJ for further administrative proceedings. AR 232-34. The ALJ held another hearing in July 2021 (AR 98-133), and subsequently issued a decision finding Plaintiff not disabled. AR 15-35.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one**: Plaintiff has not engaged in substantial gainful activity since the alleged onset date.

**Step two**: Plaintiff has the following severe impairments: degenerative disc disease of the lumbar spine, degenerative joint disease, right hip bursitis, and major depressive disorder.

**Step three**: These impairments do not meet or equal the requirements of a listed impairment.[2]

**Residual Functional Capacity (RFC)**: Plaintiff can perform sedentary work with additional limitations: she cannot climb ladders, ropes, or scaffolds, but can occasionally climb ramps and stairs. She cannot crawl, but can occasionally balance, stoop, kneel, and crouch. She should only occasionally use foot controls bilaterally. She can tolerate occasional exposure to vibration and extremely cold temperatures. She can understand, remember, and apply detailed, but not complex, instructions. She cannot work in a fast-paced production-type environment. She would need to frequently use a cane to ambulate.

**Step four**: Plaintiff can perform past relevant work.

AR 15-35.

The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. AR 1-6. Plaintiff appealed the final decision of the Commissioner to this Court. Dkt. 4.

---

[1] 20 C.F.R. §§ 404.1520, 416.920.
[2] 20 C.F.R. Part 404, Subpart P, App. 1.

ORDER REVERSING THE COMMISSIONER'S
DECISION - 2

# LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on harmful legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

Substantial evidence is "more than a mere scintilla. It means - and means only - such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (cleaned up); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for evaluating symptom testimony, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

# DISCUSSION

The parties agree that the ALJ's decision contains reversible error, but disagree as to the proper remedy for the error. Plaintiff requests that the Court remand for a finding of disability because, *inter alia*, evidence found persuasive by the ALJ, but not fully accounted for in the RFC

assessment, compels a finding of disability.[3] The Commissioner contends that the record contains ambiguities that must be resolved by the ALJ on remand, and suggests that the record also raises serious doubt as to whether Plaintiff is disabled, and thus requests a remand for further proceedings.

Before remanding a case for a finding of disability, three requirements must be met. First, the ALJ must have "'failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion.'" *Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015) (quoting *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014)). Second, the Court must conclude "'the record has been fully developed and further administrative proceedings would serve no useful purpose.'" *Id*. In so doing, the Court considers the existence of "'outstanding issues'" that must be resolved before a disability determination can be made. *Id*. (quoting *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1105 (9th Cir. 2014)). Third, the Court must conclude that, "'if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.'" *Id*. (quoting *Garrison*, 759 F.3d at 1021). And even if all three requirements are satisfied, the Court retains flexibility in determining the proper remedy. *Id.* The Court may remand for further proceedings "'when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act.'" *Id*.

In this case, the parties agree that the first requirement is met. *See* Dkt. 11 at 3. The Commissioner contends that the second requirement — no outstanding issues remain that must

---

[3] Plaintiff argues that the case should be remanded for a finding of disability on additional grounds as well, but the Court need not address those because the basis discussed by the Court is sufficient to support the Court's conclusion. *See PDK Labs. Inc. v. DEA*, 362 F.3d 786, 799 (D.C. Cir. 2004) ("[I]f it is not necessary to decide more, it is necessary not to decide more.") (Roberts, J., concurring in part and concurring in the judgment).

ORDER REVERSING THE COMMISSIONER'S
DECISION - 4

be resolved on remand — has not been met because the record contains some evidence that undermines or fails to corroborate Plaintiff's allegations, namely evidence of improvement with treatment and unremarkable clinical findings. Dkt. 11 at 3. But the ALJ pointed to that same evidence in discounting Plaintiff's testimony (AR 27-28), and the Commissioner did not explicitly defend the ALJ's assessment of Plaintiff's testimony in her motion to remand, even though it was challenged by Plaintiff. Dkt. 10 at 13-16. An ALJ's proper discounting of a claimant's allegations may indicate that the record contains ambiguities that should be resolved on remand, but that is not the situation presented to the Court. *See Dominguez v. Colvin*, 808 F.3d 403, 409 (9th Cir. 2015) ("The ALJ's well-supported credibility concerns raise additional factual issues that require resolution."). Given the Commissioner's failure to defend the ALJ's reliance on this evidence in the current decision, the Commissioner has not adequately explained why the ALJ should have yet another opportunity to rely on that evidence in further proceedings.

      The Commissioner also contends that there are conflicts in the record pertaining to the extent of Plaintiff's physical and mental limitations that would preclude a finding of disability. Dkt. 11 at 3. Specifically, the Commissioner contends that the opinion of an examining psychologist regarding Plaintiff's mental limitations conflicts with the opinion of a treating nurse practitioner addressing Plaintiff's physical limitations. Dkt. 11 at 3. These opinions do not address the same conditions or limitations, and thus do not directly conflict. *Compare* AR 1205-09 *with* AR 2370-71. That the Plaintiff does not challenge the ALJ's assessment of the State agency medical consultants, as the Commissioner emphasizes (Dkt. 11 at 3), does not suggest the existence of a conflict in the record because the ALJ himself found that Plaintiff was more limited than the State agency medical opinions described her to be. *See* AR 31-32. For these

reasons, the Commissioner has not identified conflicts in the record demonstrating that further proceedings would be necessary.

The Court goes on to find the third requirement also satisfied because evidence that the ALJ purported to credit undermines the ALJ's step-four finding and instead compels a finding of disability. The ALJ found that the State agency psychological opinions were persuasive, yet did not include a crucial limitation to 1-3-step instructions that a State agency consultant imposed. *See* AR 149. The ALJ mentioned the restriction to 1-3-step instructions in his summary of the opinion (AR 32), but then failed to include it in the RFC assessment (AR 25) and did not, as posited by the Commissioner (Dkt. 11 at 4-5), reasonably translate the opinion into RFC restrictions consistent with the opinion. Instead, the ALJ simply omitted, without explanation, the portion of the State agency psychological opinion that conflicted with the requirements of Plaintiff's past work as described by two vocational experts (VEs). *See* AR 32, 95, 131-32. The ALJ also acknowledged at the hearing that if Plaintiff were limited to unskilled work (which the VEs testified would be implied by a restriction to 1-3-step instructions), she would be found disabled under the Medical-Vocational Guidelines. *See* AR 124.

Accordingly, the Court disagrees with the Commissioner that the State agency psychological opinions "lend further support to the ALJ's non-disability determination." Dkt. 11 at 4. Instead, the ALJ's crediting of the State agency psychological opinions directly undercuts the ALJ's ultimate non-disability conclusion because the ALJ's own finding that the State agency opinions are persuasive compels a finding of disability. The Court finds that Plaintiff has shown that the three requirements for a finding of disability have been satisfied.

Although the Commissioner contends that the record raises serious doubt as to whether Plaintiff is disabled (Dkt. 11 at 4), the Court disagrees. The Commissioner points to evidence

related to Plaintiff's use of pain medication and activities, but neither of these examples raise serious doubt about Plaintiff's disability. That Plaintiff on one occasion in July 2018 reported that she did not take pain medication every day (AR 1212) is not a reason to discount her allegations, particularly because the Commissioner has not cited any evidence that Plaintiff was instructed to take her pain medication every day, or that she claimed to require it every day. *See, e.g.*, AR 66-67, 112 (Plaintiff's hearing testimony that her pain vacillated).

Furthermore, the ALJ's list of Plaintiff's activities referenced by the Commissioner (Dkt. 11 at 4) was found by the Appeals Council to be an inadequate basis to discount Plaintiff's testimony or medical opinions (AR 242), and yet the ALJ repeatedly listed those same activities again in the current decision. *See* AR 29, 30, 31, 32. The Court finds that the activities listed do not necessarily contradict an allegation of disability. Thus, the Court does not find that these examples provided by the Commissioner raise serious doubts as to whether Plaintiff is disabled, in light of the ALJ's crediting of an opinion that compels a finding of disability.

Because all three requirements for a finding of disability have been satisfied, and the Court does not have serious doubt as to whether Plaintiff is disabled, a remand for a finding of disability is appropriate.

## CONCLUSION

For the reasons set forth above, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for a finding of disability.

Dated this 15th day of July, 2022.

S. KATE VAUGHAN
United States Magistrate Judge